## B. F. HISTE v. JOHN BUCKLEY.

EXECUTION SALE OF A BARN, BUILT UNDER VERBAL AGREEMENT OF JOINT OWNERSHIP OF BUILDING AND LAND, AS PERSONALTY, CONVEYS NOTHING.

A livery barn built by B. & H. upon B.'s land, with stone-wall foundation let into the earth a foot or more, under a verbal agreement for a joint ownership of the building and so much of the real estate as is required for its use, is *prima facie* a part of the real estate, and a levy upon and sale of the interest of H. therein, as personal property, conveys nothing.

APPEAL from the Court of Common Pleas of Wood county.

BENTLEY, J. (orally.)

This case comes into this court on appeal, and was submitted to us upon the pleadings and evidence. The petition alleges in substance that the plaintiff, John Buckley, is the owner of the undivided one-half of the livery barn situated in lots Nos. 43 and 44, in the village of Bloomdale, and that the defendant, Benjamin F. Histe, is the owner of the other undivided one-half thereof; that the defendant, in violation of the plaintiff's rights, and against his consent, has assumed entire and exclusive control of said livery barn, and is attempting to exclude plaintiff from all participation in rents and profits thereof, and that the sale of said barn is necessary for the protection of the plaintiff's interest therein. The prayer of the petition is that this barn may be partitioned between the two owners so that each may enjoy his half, or if that cannot be done without manifest injury, that the barn be sold, or that such other order be entered as the justice and equity of the case require. The defendant files a general denial to this petition.

It will be observed that the petition does not aver directly that this livery barn is personal property. The plaintiff simply states that he is the owner of the undivided one-half of the livery barn, and that it stands on certain real estate. Upon the trial the plaintiff sought to make his title to the undivided one-half of the property in this way: He claims that one Hosler and Mr. Buckley, in the year 1892, entered into a verbal agreement by which they were to jointly build this barn upon certain real estate that was then and now is owned by Mr. Buckley, and that in pursuance of that agreement, a barn was built at the joint expense of these two men; that afterwards, in 1893, a judgment was obtained against Mr. Hosler by a creditor of his, and his undivided interest in this barn was levied upon as if it were personal property, and being offered for sale by the sheriff, was bid in by Mr. Histe, who paid the amount of his bid, and thus became the owner of that undivided one-half, as he claims, which had formerly belonged to Mr. Hosler. It will be seen that the whole claim of the plaintiff as to his having the title to that interest in the barn must rest upon the idea that it was personal property. He does not give any evidence tending to show that if it were to be regarded as real estate he acquired any interest in it.

The testimony as to certain matters was conflicting. It was claimed upon the part of Mr. Buckley that while it was true that he and Mr. Hosler entered into an agreement to build this barn together, and while it was understood that each should contribute one-half, and have half, yet he claims that it was understood that a certain part of the real estate, then owned by him, should go as part of the livery barn property, and he was to be paid by Mr. Hosler for half the value of the real estate. He claims that after the barn was finished, he having contributed to the expense in a certain amount, and Hosler in a different and less amount, they came to talk about the price which Mr. Hosler should allow and pay for the half of the real estate involved, and he set a certain price that Mr. Hosler should

pay, and that Mr. Hosler said that it was more than he dared undertake to pay for, and that he being at that time in debt to Mr. Buckley for other matters in more than the amount that he had contributed in the building of the barn, it was then agreed between them that the whole barn partnership should be thrown up, and the arrangement rescinded, Mr. Hosler retaining no interest in the barn, Mr. Buckley owning all of it.

Mr. Hosler was himself a witness, and testified regarding the making of this agreement. His testimony and that of Mr. Buckley differ in this: Mr. Buckley having claimed, as I have said, that the understanding was that each was to contribute one-half, Mr. Hosler testified his understanding was that he was to contribute what he could towards the building of the barn, and should have such an interest in it as would be proportionate to the amount which he contributed to the whole. But he testifies that the said settlement was had.

The plaintiff gave evidence tending to show, however, that just before the levy upon this undivided half of the barn as the property of Mr. Hosler, he had a conversation with Mr. Buckley in which Mr. Buckley admitted and said that Mr. Hosler had an interest in one-half of the barn, and that he was not going to protect Hosler's property any longer. There was also some testimony which the plaintiff claims indicates that Mr. Buckley endeavored to conceal this property, although partly belonging to Mr. Hosler, from the creditors of Hosler.

Taking the testimony together, we think the probabilities arising from the proof are that this settlement and agreement claimed by Mr. Buckley and Mr. Hosler actually did take place, and that long before the levying of this execution under which Mr. Histe claims, Hosler had ceased to have any interest in the barn. Mr. Buckley had shortly after that rented it to another, and always thereafter claimed to own it; had collected the rents, paid the taxes, and, in general, acted as a sole owner of the building would be expected to act; so that upon that proof we should find that the plaintiff should prevail. But there is perhaps even a more obvious objection to the plaintiff's case. Resting, as it does, entirely upon the idea that this was personal property (although he has not averred it), he must prove that it was of that nature. He does not aver that it was, and the whole proof indicates that this barn was not to be regarded by the parties originally as personal property. It was a large building, a foundation wall of stone being put into the earth a foot or more, and the barn placed upon it. Mr. Hosler worked upon the barn, and, of course, knew how it was being built It was of such a character that some specific agreement that it should be and remain personal property would be requisite to prevent its becoming part and parcel of the realty. We conclude that whatever interest Hosler was to have and did have in it originally, was an interest in real estate. There is no contradiction of this. There is no testimony even tending to show that it was intended or agreed that it should be removable from the land, and for these reasons the decree will be in favor of the defendant. The petition of the plaintiff is dismissed, and he is adjudged to pay the costs

*Brown & Guernsey*, for plaintiff.

*S. P. Harrison*, for defendant.